1
2
3
4
5       **UNITED STATES DISTRICT COURT**
6       **DISTRICT OF NEVADA**
7
8   DARYL C. TILLMAN and              2:12-CV-346 JCM (RJJ)
    MARSLETTE D. TILLMAN,
9
                Plaintiffs,
10
11  v.

12  QUALITY LOAN SERVICE
    CORPORATION, et al.,
13
                Defendants.
14
15
16                               **ORDER**

17        Presently before the court is plaintiffs Daryl C. Tillman, et. al.'s motion to remand. (Doc.

18  #7). Defendant Quality Loan Service Corporation ("Quality") filed an opposition. (Doc. #8).

19  Plaintiffs then filed a reply. (Doc. #14). Also before the court is Quality's motion to dismiss. (Doc.

20  #6). Plaintiffs filed an opposition. (Doc. #10). Quality then filed a reply. (Doc. #11).

21        The property at issue in this case is located at 7369 Arlington Garden Street, Las Vegas,

22  Nevada. (Doc. #1, Ex. 3). Plaintiffs purchased the property by executing a note and a deed of trust

23  on March 30, 2009, in which plaintiffs promised to repay the sum of $244,266. (Doc. #6, Ex. 1).

24  Quality recorded a notice of default and election to sell on June 28, 2010. (Doc. #6, Ex. 4). Quality

25  recorded a notice of trustee's sale on January 20, 2012. (Doc. #6, Ex. 5). The property has not yet

26  been sold. (Doc. #6). Quality removed this case to federal court on March 2, 2012. (Doc. #1).

27
28

**James C. Mahan**
**U.S. District Judge**

**Motion to remand (doc. #7)**

The motion to remand asserts that this court should remand the case to state court because: (1) the parties should be realigned such that Quality is the plaintiff for purposes of removal, and (2) the $75,000 amount in controversy jurisdictional requirement has not been met. (Doc. #7).

Plaintiffs first argue that the court should realign the parties such that Quality is the plaintiff for purposes of removal. (Doc. #7). Pursuant to 28 U.S.C. § 1441(a), only defendants have the right to remove a case from state court to federal court. Thus, if the court realigns the parties, as the plaintiff Quality would not have the right to remove the case. (Doc. #7).

In support of their assertion that the court should realign the parties, plaintiffs cite several cases, including two United States Supreme Court cases: *Chicago, R.I & P.R. Co. v. Stude*, 346 U.S. 574 (1954) and *Mason City & Ft. D.R. Co. v. Boynton*, 204 U.S. 570 (1907). The court realigned the parties in these cases because the relevant state law classified the parties in a manner contrary to federal law; the court held that federal law determines who is the plaintiff and who is the defendant for removal purposes. *See Stude*, 346 U.S. at 580.

These cases are inapposite. Here, plaintiffs instituted the case in state court. The complaint asks the court to enjoin any foreclosure and award damages and punitive damages. Thus, plaintiffs have acted as plaintiffs throughout the course of this case. It would be inappropriate to realign the parties, and the court declines to do so.

Second, plaintiffs argue that the $75,000 amount in controversy requirement has not been met. (Doc. #7). Specifically, plaintiffs note that the complaint only seeks recovery in excess of $10,000. Further, plaintiffs argue that the injunctive relief claims do "not amount to a monetary award." (Doc. #7).

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 841 (9th Cir. 2002). In this case, the loan at issue is for $244,266. (Doc. #1, Ex. 2). Therefore, the amount in controversy requirement is met. Accordingly, the court declines to remand this case to state court.

**James C. Mahan**
**U.S. District Judge**

- 2 -

**Motion to dismiss (doc. #6)**

The instant complaint alleges two causes of action: (1) deceptive trade practices pursuant to N.R.S. 598, *et. seq.*, and (2) violation of N.R.S. chapter 107. (Doc. #1, Ex. 3). The complaint also makes claims for declaratory relief, injunctive relief, and attorneys' fees. (Doc. #1, Ex. 3). Quality now moves to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. #6).

A complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The statement of the claim is intended to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Pursuant to Federal Rule of Civil Procedure 12(b)(6), courts may dismiss causes of action that "fail[] to state a claim upon which relief can be granted."

The court must "accept all factual allegations in the complaint as true." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Further, the court must draw all reasonable inferences in plaintiff's favor. *Twombly*, 550 U.S. at 547. However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted). Although "not akin to a 'probability requirement,'" the plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.*

**1.     Deceptive trade practices**

Plaintiffs' first cause of action alleges violations of Nevada's Deceptive Trade Practices Act, N.R.S. chapter 598. (Doc. #1, Ex. 3). Specifically, plaintiffs assert that Quality prepared and executed false and void assignments and other trust deed documents and that Quality does not have the authority to foreclose. (Doc. #1, Ex. 3). In its motion to dismiss, Quality argues that the Deceptive Trade Practices Act is inapplicable to alleged flaws in mortgage foreclosures. (Doc. #6).

**James C. Mahan**
**U.S. District Judge**

- 3 -

1    Many courts have recognized that the Deceptive Trade Practices Act does not apply to real
2    property transactions, but to the sale of goods and services. *See Reyna v. Wells Fargo Bank, N.A.*,
3    No. 2:10-cv-01730-KJD-RJJ, 2011 WL 2690087, at *9 (D. Nev. July 11, 2011) ("N.R.S. § 598 . .
4    . . applies only to goods and services and not to real estate loan transactions."); *see also Alexander v.*
5    *Aurora Loan Services*, No. 2:09-cv-1790-KJD-LRL, 2010 WL 2773796, at *2 (D. Nev. July 8, 2010)
6    ("Plaintiff's claim deals with the sale or lease of real property, not goods or services; therefore
7    [N.R.S. § 598] does not provide an avenue of relief to [p]laintiff."); *Parker v. Greenpoint Mortgage*
8    *Funding*, No. 3:11-cv-00039-ECR-RAM (D. Nev. July 15, 2011) (N.R.S. § 598 "does not cover a
9    mortgage foreclosure").

10   Accordingly, plaintiffs' first cause of action is dismissed.

11   **2.    Violation of N.R.S. chapter 107**

12   Plaintiffs' second cause of action alleges violations of N.R.S. chapter 107. (Doc. #1, Ex. 3).
13   Specifically, plaintiffs assert that Quality failed to provide plaintiffs with a copy of the note during
14   the foreclosure process. Further, plaintiffs allege that Quality did not have authority to notice the
15   trustee's sale and conduct a foreclosure sale because MERS lost its ability to assign the deed of trust
16   once the loan was securitized into a bond held by Government National Mortgage Association.
17   (Doc. #1, Ex. 4). In its motion to dismiss, Quality states that N.R.S. 107.080, which was in effect
18   as of the date the foreclosure began in this case, did not require production of the note or proof of
19   holder status to proceed with a trustee's sale. (Doc. #6). Further, Quality states that it had the
20   authority to foreclose on the note because MERS retained the ability to assign the deed of trust.
21   (Doc. #6).

22   The "case law within this district holds that the Nevada law governing nonjudicial
23   foreclosure . . . does not require a lender to produce the original note as a prerequisite to nonjudicial
24   foreclosure proceedings." *Byrd v. Meridian Foreclosure Service*, 2011 WL 1362135, at *2 (D. Nev.
25   2011); *see also Urbina v. Homeview Lending, Inc.*, 681 F. Supp. 2d 1254, 1258 (D. Nev. 2009);
26   *Kwok v. Recontrust Company, N.A.*, 2010 WL 4810704, at *4 (D. Nev. 2010). The court finds that
27   Quality substantially complied with Nevada's nonjudicial foreclosure process pursuant to N.R.S.
28

**James C. Mahan**
**U.S. District Judge**

- 4 -

chapter 107.

It is well-established that MERS has the authority to make assignments and substitutions. *See, e.g.*, *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1044 (9th Cir. 2011); *In re Mortgage Electronic Registration Systems (MERS) Litigation*, 2011 WL 4550189 (MDL Oct. 3, 2011). Further, "[s]ecuritization does not bar a party from initiating foreclosure proceedings." *Birkland v. Countrywide Home Loans, Inc.*, 2012 WL 83773, at *4 (D. Nev. 2012). Therefore, plaintiffs' pleadings are not sufficient to establish that Quality did not have authority to foreclose, and dismissal of plaintiffs' second cause of action is appropriate.

**3.    Declaratory relief, injunctive relief, and attorneys' fees**

A claim for declaratory relief is a remedy, not a cause of action. *See Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). The declaratory relief remedy derives from the substantive claims for relief. *Roberts v. McCarthy*, 2011 WL 1363811, at *4 (D. Nev. 2011). Similarly, injunctive relief is a remedy, not an independent cause of action. *Alandia v. US Bank*, 2009 WL 4611442, at *3 (D. Nev. 2009). If the substantive claims fail, then the claims for declaratory and injunctive relief also fail.

As discussed in this order, plaintiffs' substantive claims fail to state a claim upon which relief can be granted. Therefore, plaintiffs' claims for declaratory and injunctive relief and attorneys' fees also fail.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs Daryl C. Tillman, et. al.'s motion to remand (doc. #7) be, and the same hereby is, DENIED.

. . .

. . .

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

1     IT IS FURTHER ORDERED that Defendant Quality Loan Service Corporation's motion to dismiss (doc. #6) be, and the same hereby is, GRANTED.

DATED April 13, 2012.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 6 -